IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK GAUS, III, et al., :
    Plaintiffs : No. 2:17-cv-00471
:
v. : (Judge Kane)
:
THE GENERAL SERVICES :
ADMINISTRATION OF THE :
UNITED STATES OF AMERICA, et al., :
    Defendants :

**MEMORANDUM**

    Before the Court is Defendant KPN Architects, LLC's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. No. 73.) For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

    Plaintiffs Frank Gaus, III ("Gaus"), and Kristi Gaus (collectively referred to herein as "Plaintiffs"), initiated the above-captioned action by filing a complaint against Defendants General Services Administration of the United States of America ("GSA"), National Oceanic and Atmospheric Administration of the United States of America ("NOAA"), Vertex Non-Profit Holdings, Inc. ("Vertex"), KPN Architects, LLC ("KPN"), and March-Westin Company, Inc. ("March-Westin"), on April 13, 2017. (Doc. No. 1.) On May 5, 2017, Plaintiffs filed an amended complaint, which included KPN and also named additional Defendants. (Doc. No. 8.) Plaintiffs, husband and wife, brought this action as a result of personal injuries experienced by Gaus at the NOAA Supercomputing Center located at the Robert H. Mohollan Research Center in Fairmont, West Virginia on May 7, 2015. (Id. ¶ 17.)

    Gaus, a resident and citizen of Pennsylvania who was employed as an electrician at the time of his injuries, was dispatched by his employer, High Voltage Maintenance Company, to

1

the NOAA Supercomputing Center in West Virginia "to perform certain electrical maintenance testing and diagnoses to the electrical system in that facility."  (Id. ¶¶ 2, 16-17.)  In order to perform such services, Gaus "was required to consult certain drawings of the electrical system at [the] facility so that he could perform the required services in a safe manner," as Gaus "had to make certain electrical connections" that required him to "be aware of the location of various surge arrestors so that he could avoid receiving injurious and possibly fatal electrical shocks."  (Id. ¶ 18.)  Accordingly, Gaus was given a set of electrical drawings that Plaintiffs "believe were prepared in whole or in part by KPN and/or March-Westin."  (Id. ¶ 19.)  KPN is a limited liability company that is organized under Maryland law with a principal place of business in Maryland.  (Id. ¶ 7.)

Plaintiffs allege that the electrical drawings contained inaccurate information as to the location of the "relevant surge arrestors" and incorrectly indicated to Gaus "that he could safely locate a voltage verification test point in order to determine if he could safely begin maintenance testing."  (Id. ¶ 20.)  Specifically, the surge arrestors were actually in a different location, which was not represented on the electrical drawings provided to Gaus, and they were located "such that they represented a hazard to anyone performing maintenance testing to the electrical system."  (Id. ¶ 21.)  In reliance on the drawings, Gaus attempted to "locate a voltage verification test point in order to determine if he could safely begin the needed electrical maintenance testing and in doing so, he received a severe electrical shock and suffered . . . flash burns."  (Id. ¶ 25.)

Plaintiffs subsequently initiated the above-captioned action against Defendants, alleging that KPN was involved in the preparation of the electrical drawings that were given to Gaus, and

that KPN was negligent in preparing and inspecting the drawings.[1] (Id. ¶¶ 59-62.) On August 11, 2017, KPN filed a motion to dismiss the amended complaint with respect to the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. No. 73), as well as a brief in support (Doc. No. 74). On August 30, 2017, Plaintiffs filed a brief in opposition to KPN's motion (Doc. No. 79), and KPN filed a reply brief on September 13, 2017 (Doc. No. 83). Accordingly, KPN's motion is fully briefed and thus ripe for disposition.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. Pro. 12(b)(2). Once "the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). At the pleading stage, a plaintiff is required only to establish a prima facie case of personal jurisdiction over the defendant, and a court must accept the plaintiff's allegations as true and construe disputed facts in the plaintiff's favor. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); Carteret Sav. Bank, 954 F.2d at 146. Further, a court may consider the parties' affidavits and other evidence when making determinations regarding personal jurisdiction. See Metcalfe, 566 F.3d at 330; Connell v. CIMC Intermodal Equip., No. 1:16-cv-714, 2016 WL 7034407, at *1 (M.D. Pa. Dec. 2, 2016).

---

[1] Plaintiffs filed suit against GSA and NOAA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and against the remaining Defendants on the basis of supplemental jurisdiction and diversity jurisdiction. (Doc. No. 8 ¶ 15.) Under the FTCA, Plaintiffs were permitted to file their complaint either in the district in which they reside (the Western District of Pennsylvania), or the district where the events giving rise to this action occurred (the Northern District of West Virginia). See 28 U.S.C. § 1402(b) ("Any civil action against the United States under . . . this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

3

### III. DISCUSSION

#### A. Legal Standard Applicable to Determining Whether the Court has Personal Jurisdiction over KPN

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Carteret Sav. Bank, 954 F.2d at 144-45 (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987)). Pennsylvania's long-arm statute permits the Court to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Therefore, in its exercise of personal jurisdiction, this Court is constrained only by the Due Process Clause of the United States Constitution, which requires that a defendant "have certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Requiring "minimum contacts" between the defendant and the forum state provides "fair warning" to a defendant that he or she may be called to defend a lawsuit in that state. See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).

Two forms of personal jurisdiction conform to these notions of due process. General jurisdiction exists when a defendant has such "systematic and continuous contacts" with the forum state that jurisdiction over the defendant is warranted. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415 (1984); Marten, 499 F.3d at 296. Specific jurisdiction exists when the claims arise out of or relate to activities that the defendant "purposefully directed" at the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Helicopteros, 466 U.S. at 414; Marten, 499 F.3d at 296. To determine whether specific jurisdiction exists, a court must consider: (1) whether the defendant "purposefully directed" activities at the forum state and (2) whether the plaintiff's claims arise out of or relate to those

activities. Marten, 499 F.3d at 296. If these two factors are met, the court must then determine whether exercising personal jurisdiction over the defendant "otherwise 'comport[s] with fair play and substantial justice.'" Id. (alteration in original) (quoting Burger King, 471 U.S. at 476). In addition, the plaintiff bears the burden of proving that the court may properly exercise personal jurisdiction under either the general or specific jurisdiction theory. Mellon Bank (East) PSFS Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing Carteret, 954 F.2d at 146) ("When a defendant raises the defense of [a] court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper.").

### B. Whether this Court has Personal Jurisdiction over KPN

In the instant case, Plaintiffs oppose KPN's motion on the grounds that "[t]his Court has an interest in deciding all aspects of this case as opposed to sending a major part of it to another court[,]" and that "[g]ranting KPN's motion hardly results in the most efficient resolution of this controversy by the court system" because KPN "will have to go to trial on the Plaintiffs' claims in West Virginia . . . which could easily result in this case being tried in both West Virginia and in Pennsylvania." (Doc. No. 79 at 5.) Plaintiffs also argue that exercising jurisdiction over KPN is consistent with the constitutional standard described supra, because KPN conducts business in Pennsylvania and has therefore established sufficient contacts with Pennsylvania so as to warrant the exercise of jurisdiction over it. Plaintiffs refer to KPN's website, which they allege "not only clearly states that one of its current architects was involved in a Pennsylvania construction project ([even] though the KPN architect who did the work did so while employed by some other firm), [but also that] the work is being touted as KPN work."[2] (Id. at 7.) Further, Plaintiffs

---

[2] Plaintiffs refer to an affidavit they submitted in response to KPN's motion, which shows that "KPN advertises in Pennsylvania and includes in its advertisements references to two facilities that it was involved in constructing in Pennsylvania, one of which was a day school facility in

5

maintain that KPN "advertises that its service area is the 'Mid-Atlantic Region,'" which "brings it within the ambit of cases" in which courts have held that advertisements in Pennsylvania by out-of-state entities were sufficient to establish personal jurisdiction under Pennsylvania's long-arm statute. (Id. at 8.)

In support of its motion, KPN asserts that it "conducted no activities within . . . Pennsylvania that would satisfy the general or specific jurisdiction standards." (Doc. No. 74 at 4.) KPN points to an affidavit from Gordon T. Ingerson, a principal of KPN, which states that KPN operates under Maryland law and is "also registered as a business in West Virginia," but "has never registered to do business in . . . Pennsylvania[,] . . . engaged in any advertising or marketing within Pennsylvania, nor directed the same at citizens of Pennsylvania." (Id.) (citing Doc. No. 73-1 ¶¶ 3-6). Additionally, in response to Plaintiffs' argument that certain content on KPN's website is sufficient to establish contacts with Pennsylvania for purposes of personal jurisdiction, KPN notes that, as indicated on its website, both projects were completed in Pennsylvania "by a particular architect while working for another firm," and that "[t]he fact that an architect that is currently working for KPN at one point worked on a project in Pennsylvania no way indicates that any of the architects could perform work on a job in Pennsylvania while working for KPN." (Doc. No. 83 at 2.) Lastly, KPN disputes the applicability of various cases cited by Plaintiffs, stating that in those cases, the defendant either "showed an obvious objective" to conduct business with residents of Pennsylvania, or the defendant committed an act "with the intention of performing more of the same acts for

---

Lancaster County and the other which was a college dormitory at Grove City College in the Western District of Pennsylvania." (Doc. No. 79 at 3.)

monetary gain."[3] (Id. at 3.) According to KPN, as evidenced by the Ingerson Affidavit (Doc. No 73-1), "KPN is not able to do business in . . . Pennsylvania, as it is not registered there and its architects are not licensed there," and "[t]herefore, the placement of past Pennsylvania projects on its website cannot be the one act that equates to 'doing business' [because] there is no intention by KPN to perform further acts in Pennsylvania for the purposes [sic] of monetary gain." (Id.)

Having considered the arguments presented by the parties in the briefing on this matter, as well as the relevant law, the Court concludes that it lacks personal jurisdiction over KPN. As an initial matter, for purposes of deciding KPN's motion, the Court is tasked with resolving whether the exercise of specific jurisdiction over KPN is proper, as Plaintiff's claim relates to KPN's contacts with the forum state, Pennsylvania. See Mellon Bank, 960 F.2d at 1221 (citing Dollar Sav. Bank v. First Sec. Bank, 746 F.2d 208, 211 (3d Cir. 1984)). Accordingly, the Court considers whether KPN "purposefully directed" its activities toward Pennsylvania and whether Plaintiffs' claim arose from those activities, before addressing whether exercising jurisdiction over KPN comports with traditional notions of "fair play and substantial justice." See Marten, 499 F.3d at 296 (quoting Burger King, 471 U.S. at 476).

Under this standard, the Court finds that KPN did not purposefully direct its business activities toward Pennsylvania for purposes of the Court's personal jurisdiction analysis. Although Plaintiffs refer to KPN's website, any advertisements on KPN's website concerning

---

[3] In opposition to KPN's motion, Plaintiffs cite various cases, including Busch v. Sea World of Ohio, for the proposition that a court may exercise jurisdiction over a party that advertises its services on a regional level if the given region includes the state in which the court sits. (Id. at 8-9) (citing Busch v. Sea World of Ohio, 95 F.R.D. 336 (W.D. Pa. 1982)). According to Plaintiffs, in Busch v. Sea World of Ohio, the district court held that an amusement park's advertisement in Pennsylvania that it was a "regional park" was sufficient to warrant the exercise of personal jurisdiction over the party in Pennsylvania. (Id.)

7

projects in Pennsylvania noted that the projects were completed by an architect who was then "with another firm" (Doc. No. 78-1, Ex.3), and these advertisements do not contemplate any connection with Pennsylvania, the forum state, with regard to the injuries allegedly suffered by Gaus. Moreover, the Court is unpersuaded by Plaintiffs' argument that, as a result of KPN's representation on its website that it serves the "Mid-Atlantic Region," KPN has indicated an intent to direct its business activities toward Pennsylvania. (Id., Ex. 4.) Such a statement does not demonstrate that KPN foresaw this type of dispute arising in connection with Pennsylvania. These acts do not contemplate purposeful availment toward Pennsylvania, but rather, indicate a random or fortuitous contact with the forum state, and are thus insufficient to establish personal jurisdiction over KPN. See Burger King, 471 U.S. at 474-75 (citing Keeton v. Hustler Magazine, 465 U.S. 770, 774 (1984)). Accordingly, KPN's contacts with Pennsylvania do not show that the exercise of personal jurisdiction over KPN by this Court is proper.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that it lacks jurisdiction over KPN. Accordingly, KPN's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. No. 73), is granted. An appropriate Order follows.